UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NANCY ALLISION and HOLLY BURNEY, | Case No.: 3:14-CV-1179-AC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| SCOTT DOLICH and PARK KITCHEN LLC, an Oregon limited liability company, | |
| Defendants. | |

_____

ACOSTA, Magistrate Judge:

*Introduction*

Presently before the court is the motion to remand this action to state court filed by plaintiffs Nancy Allison and Holly Burney (collectively "Plaintiffs"). Plaintiffs argue the removal of this action by defendants Park Kitchen LLC, an Oregon limited liability company ("Park"), and Scott Dolich ("Dolich") (collectively "Defendants"), was procedurally deficient and their claims do not

involve a controversy arising under the laws of the United States as required under 28 U.S.C. § 1441(a).

The court finds the procedural deficiencies do not warrant remand but this court lacks subject matter jurisdiction over the claims alleged in the complaint. Accordingly, Plaintiffs' motion to remand is granted.[1]

*Background*

Plaintiffs filed this action in the Circuit Court of the State of Oregon for the County on Multnomah on June 23, 2014, alleging violations of Oregon's wage and hour laws, as well as other common-law claims. Defendants removed the action to this court on July 24, 2014, pursuant to 28 U.S.C. § 1441(a), asserting Plaintiff's claims for conversion, minimum wage violations, and unjust enrichment are based squarely on the federal Fair Labor Standards Act (29 U.S.C. §§ 201 - 219) (the "Act"). In the Notice of Removal ("Notice"), Defendants represent "[n]otice of this removal will promptly be served on Plaintiffs and the Clerk of the State of Oregon for the County of Multnomah," and "[i]n compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served in this action, including the Summon and Complaint (Exhibit 1), are attached hereto." (Defs.' Notice of Removal under 28 U.S.C. §§ 1331 and 1441 ("Defs.'Notice") 3.) The documents attached to the Notice include the Individual and Class Action Complaint filed in state court (the "Complaint"), the summons issued to Park, a declaration of mailing of the Complaint and summons to Park, and affidavits of service establishing service of the Complaint and summons on Park and Dolich on June 25, 2014. (Compl. Ex. 1.)

---

[1] The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

*Legal Standard*

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Such removal can be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1441(b) and (c) (2014). When a plaintiff feels that an action has been improperly removed to federal court, a motion to remand is appropriate. 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id*.

*Discussion*

I. Procedural Deficiencies

Plaintiffs assert that by failing to file the Notice with the state court or the summons issued to Dolich with this court, Defendants have not complied with the procedural requirements for removal found in 28 U.S.C. § 1446. Plaintiffs argue these procedural deficiencies require remand of this action to state court. Defendants assert that the procedural deficiencies are *de minimis*, may be cured, and do not require remand.

The remand statute differentiates between procedural defects and lack of subject matter

jurisdiction. The statute provides that procedural defects may be waived if not asserted within thirty days of the filing of a notice of removal, while lack of subject matter jurisdiction may be raised anytime, or even *sua sponte* by the court, and requires immediate remand. 28 U.S.C. § 1447(c) (2014).[2] The Ninth Circuit has held where the procedural defect is *de minimis*, such as failure to attach an original complaint as well as the operative amended complaint to the notice of removal, the defect was curable even after the thirty-day removal period. *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013). The court relied, in part, on "a leading treatise" which explained that " 'both the failure to file all the state court papers and the failure to provide the Federal Civil Rule 11 signatures are curable in the federal court.' " *Id*. (quoting 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed. 2011)).

### A. Dolich Summons

Pursuant to 28 U.S.C. 1446(a), a defendant removing a civil action from state court must file a notice of removal in federal court "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Dolich participated in the removal of this action but failed to attach a copy of the summons served upon him by Plaintiffs to the Notice. While this is a violation of the removal procedure, it is *de minimis*, did not result in prejudice to the courts or any party, and is curable. *Countryman v. Farmer Ins. Exchange*, 639 F.3d 1270, 1272 (10th Cir.

---

[2] 28 U.S.C. § 1447(c) provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2011)("The omission of a summons from Defendants' joint notice of removal was an inadvertent, minor procedural defect that was curable, either before or after expiration of the thirty-day removal period.")(cited with approval in *Kuxhausen*, 707 F.3d at 1142). Defendants' failure to file a copy of the summons served upon Dolich does not warrant remand of this action to state court, especially so because Plaintiffs do not argue that Defendants failed to remove the case within the time required under the removal statute.

### B. Filing Notice of Removal with State Court

28 U.S.C. § 1446(d) provides, in relevant part:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall . . . file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Plaintiffs contend Defendants failed to file a copy of the Notice in state court. Defendants represent in the Notice they will promptly file a copy of the Notice on the Clerk of the State of Oregon for the County of Multnomah. However, Defendants have failed to offer evidence of such filing, either before or after Plaintiffs' motion to remand was filed and, in fact, do not dispute this procedural deficiency.

This court has addressed the effect of a failure to promptly file a notice of removal on at least two occasions. In *Miller v. Aqua Glass, Inc.*, Civil No. 07-3088-CL, 2008 WL 2854125, at *1 (D. Or. July 21, 2008), the parties believed two actions had been properly removed from state court in December 2007. When the state court advised the plaintiff in March 2008 that one of the cases would be dismissed for lack of prosecution and that the notice of removal had not been filed with the state court, the plaintiff moved to remand. *Id*. The court explained:

> [t]he dispositive question is whether a failure to notify the state court that the matter has been removed constitutes a mere procedural defect – which is subject to the 30-day limitation in § 1447(c) – or if it constitutes a jurisdictional defect that may be raised at any time.

*Id*. The court concluded the failure to file the notice of removal did not deprive the federal court of jurisdiction but, rather, created concurrent jurisdiction in both the state and federal court. Accordingly, the failure to file the notice of removal with the state court was a procedural defect waived by the plaintiff's failure to raise such defect within thirty days. *Id*. at *2. The court denied the motion to remand. *Id*. at *3.

A year later, the court considered the effect of the failure to file a notice of removal in state court when the plaintiff raised the defect in a timely manner. *Duncan v. Patine, Inc.*, Civil Case No. 08-1258-SU, 2009 WL 1227776 (D. Or. May 4, 2009). In *Duncan*, the plaintiff filed an action in state court and served the defendant with the summons and complaint on September 24, 2008. *Id*. at *1. The defendant filed a notice of removal in this court on October 24, 2008. *Id*. On October 28, 2008, the plaintiff advised the defendant of its failure to file a copy of the notice of removal in state court, which prompted the defendant to file a notice of removal in state court on October 30, 2008. *Id*. The court rejected the defendant's argument the term "promptly" should be construed to mean before the state court has taken any action, instead requiring the notice of removal to be filed in state court within the thirty-day removal period found in 28 U.S.C. § 1446(b). *Id*. at *2. The court relied on the strict construction of the removal statutes, the resolution of any doubt in favor of remand required by the Ninth Circuit in *Gaus*, and on the view taken by the Oregon District Court that "any defect in removal procedure must be cured within the 30-day removal period or it is fatal to the removal." *Id*. at *3 (quoting *Employers-Shopmens Local 516 Pension Trust v. Travelers Cas.*

*and Sur. Co. of Am.*, No. 05-444-KI, 2005 WL 1653629, at *4 (D. Or. July 6, 2005)).  The court remanded the action to state court for failure to strictly comply with the requirements of the removal statute.  *Id*. at *4.

The strict construction required under *Duncan* would appear to apply here, as Defendants did not file a copy of the Notice with the state court within the thirty-day removal period.  However, shortly after *Duncan* was decided, Judge King expressly "disavowed" the portion of his opinion addressing defects in removal procedure in *Employers-Shopmens* "after considering the reasoning in more recent cases."  *Hood Customs Homes, LLC. v. Illinois Nat. Ins. Co.*, Civil No. 18-1506-JE, 2009 WL 1531784, at *1 (May 26, 2009).  Instead, Judge King agreed with Judge Jelderks's reasoning that "where appropriate, the court has discretion to deny motions to remand that are based upon minor procedural defects which are not cured within the removal period."  *Id*. at *6.  Judge Jelderks found the defendant's procedural error – failure to file two exhibits to the plaintiff's state court complaint with the federal court – was " 'trivial'  and in no way prejudiced plaintiff or interfered with the court's ability to effectively adjudicate the parties' dispute."  *Id*.  The court allowed the plaintiff to file an amended notice of removal remedying the deficiency and denied the motion to remand.  *Id*.  *Hood* is consistent with the Ninth Circuit's recent decision in *Kuxhausen*.

It appears undisputed Defendants failed to file a copy of the Notice with the state court and have yet to correct this procedural deficiency.  Under *Miller*, such deficiency does not deprive this court of jurisdiction.  In accordance with *Hood*, the deficiency is not fatal as it has not prejudiced Plaintiff or interfered with the court's ability to effectively handle this matter.  Defendants' failure to file a copy of the Notice with the state court does not warrant remand.

II. Federal Question Jurisdiction

In the Notice, Defendants assert this action involves a controversy arising under the law of the United States. Defendants represent "[a]t least three of Plaintiffs' claims – for conversion, minimum wage violations, and unjust enrichment – are based squarely on a tipping practice that Plaintiff alleged is invalid under the Fair Labor Standards Act and 29 C.F.R. § 531.50, *et seq*." (Defs.' Notice 2). It is clear from Defendants' briefing it is relying primarily on Plaintiffs' allegations in paragraph eight of the Complaint which provides:

> PARK KITCHEN required Plaintiffs and the other Class members to pool their tips with the general manager (whether or not she was present in the restaurant), and with the back-of-the-house staff. Neither the general manager nor the back-of-the-house staff are traditionally tipped employees. The tip pool was therefore not valid under the FLSA. See 29 C.F.R. §§ 531.50 *et seq.*, as amended April 5, 2011. In the absence of a valid tip pool, tipped employees must be allowed to keep all of their tips in addition to the minimum cash tipped wage paid by the employer. That did not happen, so the employees were supposed to receive the entire federal minimum wage in cash in addition to being able to keep all of their tips. The tips taken from the tipped employees and given to those nontipped employees were substantial – enough to reduce the tipped employees' wages below the respective minimum wage for the respective workweeks. This taking of tips from Plaintiffs and the other Class members was wrongful and caused them damages.

(Compl. ¶ 8.) The only other references to federal law in the Complaint are allegations that the common question for the tip-pool class is whether Defendants' tip-pool policy "comports with applicable state and/or federal law," and that retaliating against an employee for investigating, pursuing or reporting illegal wage and hour practices violates federal and state statutes and public policy. (Compl. ¶ 23, 51, 71.) Defendants argue that to be successful on their Fifth Claim for Relief for conversion; Sixth Claim for Relief for intentional interference with prospective economic advantage; and Seventh Claim for Relief for equitable and quasi-contractual claims for return of money, restitution, unjust enrichment, and money and a received ("Common-Law Claims"),

Plaintiffs must establish Defendants' tip pool did not comply with the Act.[3]  Accordingly, Defendants assert resolution of a federal issue is necessary to the outcome of Plaintiffs' claims creating subject matter jurisdiction in federal court.

Plaintiffs contend they allege violations of state law only, the claims do not rely on the legality of the tip pool under the Act, and the Complaint does not raise any questions of federal law. In their preliminary statement, Plaintiffs represent "this is an action under state wage and hour statutes and equitable, common-law and common-count claims" to recover unpaid wages and related damages, penalties and fees for the class members, as well as an "individual action under state law for retaliation/wrongful termination" to recover damages and fees for the named plaintiffs. (Compl. ¶ 1.)

Federal courts have original federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(b).  Normally, cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  However, federal courts have recognized that a case may also arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  "Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id*. at 13.

---

[3]Defendants appear to no longer argue Plaintiffs' minimum-wage claims implicate the Act and are now arguing Plaintiffs' claim for intentional interference with prospective economic advantage does implicate the Act.

When a plaintiff pleads solely state-law claims, federal-question jurisdiction "is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id*. In other words, even when there is no federal cause of action, federal question jurisdiction may still exist if the complaint necessarily raises a substantial and disputed question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Specifically, federal jurisdiction exists when "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, ___ U.S. ___, 133 S.Ct. 1059, 1065 (2013). All four requirements must be met. *Id*. The federal issue must be apparent from the face of the complaint. A defense that raises a federal questions does not confer federal jurisdiction, even if the complaint anticipates the defense and even if both parties agree the defense is the only issue in dispute. *Franchise Tax*, 463 U.S. at 14.

The Common-Law Claims, which encompass paragraphs 40 to 48 of the Complaint, simply allege Defendants wrongfully took possession of tips left by customers specifically intended for Plaintiffs and gave a portion of those tips to traditionally non-tipped employees. Plaintiffs do not reference federal law or tip pools in these allegations. Viewing only the allegations specifically found in the Common-Law Claims, the existence or legality of tip pools under the Act is not an issue. The primary issue is who had the right to the tips. In these allegations, Plaintiffs do not rely on federal law to establish their right to the tips.

The Common-Law Claims do, however, incorporate all previous allegations, including the few references to the Act and federal law in paragraphs 8 and 23. The incorporated allegations also

include references to "illegal tip pool" found in a section entitled "Facts Specific to Plaintiffs' Individual Claims." (Compl. ¶¶ 14, 15.)

In paragraphs 14 and 15, Plaintiffs allege they were terminated in retaliation for their complaints about Park's illegal tip pool. The references to illegal tip pools in these two paragraphs are uniquely relevant to Plaintiffs' individual claims for wrongful discharge, retaliation, and whistleblowing and do not raise a federal issue. An employee's complaint about an employer's practices need only be made in good faith – the legality of the employer's practices is not relevant. *See* OR. REV. STAT. 659A.199 ("It is an unlawful employment practice for an employer to discharge . . . an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a state or federal law, rule or regulation); OR. REV. STAT. 659A.230 ("It is an unlawful employment practice for an employer to discharge . . . an employee . . . for the reason that the employee has in good faith reported criminal activity by any person"); *De Bay v. Wild Oats Market, Inc.*, 244 Or. App. 443, 449 (2011) (OR. REV. STAT. 652.355 provides a "remedy for those who have suffered retaliation for bringing a good faith wage claim"); *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or. App. 107, 111 (1984) ("Statutes which protect employes against retaliation do not require that the alleged violation which the employe claims be ultimately proved.") (citing OR. REV. STAT. 659.030(1)(f)). Consequently, the question of whether the tip pools were legal under the Act is not an element of Plaintiffs' individual claims, and particularly not a substantial one.[4]

The problematic allegations, as noted by Defendants, are those found in paragraph 8. There,

---

[4]The identification of Park employees in traditionally tipped occupations as members of the "Tip Pool Class" in paragraphs 21 and 23 do not identify the tip pool as illegal and clearly do not, alone, create a federal issue.

Page 11 - OPINION AND ORDER                                                                                                {SIB}

Plaintiffs allege the tip pool is illegal under the Act because it allows traditionally non-tipped employees to share in the tip pool. Plaintiffs further allege Defendants wrongfully prevented Plaintiffs from receiving all of their tips in addition to the minimum cash tipped wage paid by Park. Similarly, Plaintiffs identify the legality of Park's tip pool policy under state and/or federal law as a question common to the class. Plaintiffs argue these allegations are not sufficient to raise a substantial federal issue. In the alternative, Plaintiffs move to amend the complaint to eliminate what they refer to as "the unnecessary reference to the Act". (Reply Brief in Support of Pls.' Motion to Remand 10.) Plaintiffs represent they included these references, at least in part, to "preemptively plead facts in opposition to anticipated federal defenses." (Reply Brief in Support of Pls.' Motion to Remand 10-11.)

In support of the Common-Law Claims, Plaintiffs allege they were entitled to tips left specifically for them by Park's customers. In other words, the customers intended to transfer possession of the tips to Plaintiffs, giving Plaintiffs the equitable rights to the tips. Defendants took possession of the tips Plaintiffs were entitled to and gave a portion of it to other Park employees. These allegations sufficiently allege Plaintiffs' possessory and equitable rights to the tip money, an element of the Common-Law Claims. *Mackey v. Uttamchandani*, No. 3:13-cv-00065-AC, 2014 WL 3809487, *18 (D. Or. June 30, 2014)(Under Oregon law, "[c]onversion is an intentional exercise of dominion and control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel" and an action for money had and received can be maintained "whenever one has money in his hand belonging to another which, in equity and good conscience, he ought to pay over to that other."); *Cron v. Zimmer*, 255 Or. App. 114, 125 (2013) (the claim of intentional interference with prospective economic

advantage protects a party's commercial relationship from interference through improper means or purpose by a third party resulting in damages); *Wilson v. Gutierrez*, 261 Or. App. 410, 414 (2014) (unjust enrichment exists when one receives a benefit which would be unfair to retain without paying for it). Plaintiffs have alleged a superior right to possession of the tips as compared to Defendants. While the claims require consideration of whether Defendants had an equitable right to possess those tips, Defendants' rights under the Act is a peripheral issue at best.

This conclusion is supported by arguments made by the parties. Plaintiffs argue the Act does not apply to the claims alleged in the Complaint. Defendants argue "the Section 203(m) requirements only apply if the employer takes the FLSA tip credit, which Park Kitchen does not." (Resp. to Pls.' Mot. To Remand 9.) Accordingly, Defendants argue the Act does not apply to its tip pool, a position consistent with Plaintiffs.

The legality of Park's tip pool under the Act is not an element of any of the Common-Law Claims. While the the legality of Park's tip-pool policy under the Act appears to have been raised by Plaintiffs' allegations in paragraphs 8 and 23 of the Complaint, this controversy is by no means a substantial issue in the Common-Law Claims. Defendants may intend to rely on the Act to establish its tip-pool policy was legal and provided the requisite authority to possess and redistribute the tips. However, a defense that raises a federal question does not confer jurisdiction. Viewing these factors, along with the strong presumption against, and Defendants' burden to establish, federal court jurisdiction, the court finds the Complaint does not raise a substantial issue of federal law and does not support federal jurisdiction.

*Conclusion*

Plaintiffs' motion (#37) is GRANTED and this action returned to the Circuit Court for the

State of Oregon for the County of Multnomah.

DATED this 16th day of December, 2014.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge